IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00080 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT ETHAN |
| | ) | MOTTA'S REQUEST FOR INDICATIVE |
| vs. | ) | RULING AND STAYING HIS THIRD |
| | ) | MOTION FOR NEW TRIAL |
| ETHAN MOTTA, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING DEFENDANT ETHAN MOTTA'S REQUEST FOR
INDICATIVE RULING AND STAYING HIS THIRD MOTION FOR NEW TRIAL

Defendant Ethan Motta was convicted following a trial involving charges brought under the Racketeer Influenced and Corrupt Organizations law and the Violent Crime in Aid of Racketeering law. He was subject to a mandatory sentence of life in prison. He appealed the judgment, which was affirmed by the Ninth Circuit in an unpublished decision filed on January 10, 2012. Motta now asks this court to grant his Third Motion for New Trial, which asserts that newly discovered evidence warrants a new trial. Motta also asks this court to indicate to the Ninth Circuit this court's willingness to address the issues raised in the motion if the case is remanded to this court. The court denies Motta's Request for Indicative Ruling and stays the Motion for New Trial.

Motta's appeal remains with the Ninth Circuit. Still pending before the Ninth Circuit is Motta's motion for rehearing and rehearing en banc. Rule 33 of the Federal Rules of Criminal

Rules of Procedure provides: "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Given the pending appellate proceedings, this court, under Rule 33, lacks the authority to grant Motta's motion. The only thing the court may do at this time is deny the motion. However, the court realizes that Motta was found guilty by the jury in a verdict form returned on March 20, 2009, and that Motta may have felt that he had to file his motion now to avoid running afoul of the three-year deadline in Rule 33. The court therefore opts to stay the motion for new trial, pending completion of appellate proceedings. The court will address the merits of the motion when jurisdiction over the case has been returned to this court.

In staying the motion, the court does not intend to suggest that the motion will eventually be granted. The court is simply seeking to avoid letting court rules create a trap for a party. If the court were to deny the motion for new trial given the pending appellate proceedings, Motta might find himself beyond the three-year period by the time appellate proceedings were concluded. Rather than create such an untenable position for Motta, this court will await the conclusion of appellate

proceedings before addressing Motta's motion.  Rule 33 does not preclude the granting of a timely motion for new trial on remand.

Apparently aware that this court lacks authority to grant his Third Motion for New Trial given the pending appeal, Motta has submitted a Request for Indicative Ruling.  Rule 12.1 of the Federal Rules of Appellate Procedure provides that, if a party files a timely motion for relief in the district court, but the district court lacks authority to grant the motion because an appeal is pending, the moving party may ask the district court to indicate "either that it would grant the motion or that the motion raises a substantial issue."  If the district court does so indicate, the Ninth Circuit may remand all or part of the case to the district court.

This court declines to indicate that it would grant the motion or that the motion raises a substantial issue.  The Ninth Circuit has already affirmed the judgment entered by this court.  This court concludes that it makes sense to allow the Ninth Circuit to address the single pending motion before it.  To interrupt the appellate proceedings to address Motta's new trial motion would be extremely inefficient and have little corresponding benefit.  Moreover, Motta does not make it clear whether he is abandoning his pending motion for rehearing in favor of seeking a new trial with this court or intends to proceed with both the appellate rehearing motion and the motion

3

for new trial filed with this court.  Under the circumstances, this court sees no reason for a premature remand.

Again, the court stresses that it by no means intends to communicate that it will later order a new trial.  The court is likely to direct the government to respond to Motta's new trial request once appellate proceedings are concluded.  At this point, the court is only declining to indicate that it would grant the motion or that the motion raises a substantial issue.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 13, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Ethan Motta; CR. NO. 06-00080 SOM, ORDER DENYING DEFENDANT ETHAN MOTTA'S REQUEST FOR INDICATIVE RULING AND STAYING HIS THIRD MOTION FOR NEW TRIAL