IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 06-00080 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT ETHAN |
| | ) | MOTTA'S DISCOVERY REQUESTS |
| vs. | ) | (DOCKET NOS. 1360, 1375, |
| | ) | 1379, 1383, AND 1386) |
| ETHAN MOTTA (05), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT ETHAN MOTTA'S DISCOVERY REQUESTS
(DOCKET NOS. 1360, 1375, 1379, 1383, AND 1386)**

**I.      INTRODUCTION.**

Defendant Ethan Motta has filed multiple motions seeking discovery to support his motions for a new trial. Because Motta fails to show any entitlement to such discovery, all of the discovery-related motions are denied.

**II.     BACKGROUND.**

On March 20, 2009, a jury convicted Defendants Rodney Joseph, Jr., and Ethan Motta of Counts 1 (substantive RICO), 2 (RICO conspiracy), 3 (illegal gambling business), 6 (violent crime in aid of racketeering--murder of Lepo Taliese), 7 (violent crime in aid of racketeering--murder of Romelius Corpuz, Jr.), and 8 (violent crime in aid of racketeering--attempted murder of Tinoimalo Sao) of the Second Superseding Indictment.  Joseph was also convicted of Count 4 (violent crime in aid of racketeering-- assault with a dangerous weapon).  See Verdict Forms, ECF No.

1090 and 1092.  Motta and Joseph received life-in-prison sentences, as required by statute.

Motta and Joseph appealed.  On January 10, 2012, the Ninth Circuit Court of Appeals affirmed the judgments.  See Memorandum, ECF No. 1341.

In March 2012, Motta submitted three motions for a new trial.  In the motion filed March 12, 2012, ECF No. 1345, Motta argues that he is entitled to a new trial because the Government failed to disclose impeachment and exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).  Motta specifically argues that the Government failed to disclose gambling invoices and records that showed that its trial exhibits #2 to #13 were purchased at an irrelevant time.  See ECF No. 1345.  Joseph joined in this motion.  See ECF No. 1349.

In a motion filed March 22, 2012, which Motta says he placed in the prison mail system on March 19, 2012, Motta argues that he is entitled to a new trial because: 1) the Government failed to disclose "a host of court records and criminal history reports reflecting the prior bad acts of numerous government witnesses," as well as a police detective; 2) the Government failed to disclose a 2008 death certificate for Peter Matautia, who later appeared and testified at trial; 3) the Government failed to disclose evidence concerning Jonnaven Monalim, George Cambra, Jr., Gatula Muasau, and Nixon Maumalanga; and 4) the

2

Government failed to disclose evidence concerning its conclusion that a government informant had lied concerning bribery allegations of a state-court judge. See ECF No. 1350. In a minute order of March 23, 2012, the court deemed Joseph's earlier joinder to apply to this motion as well. See ECF No. 1352. Joseph then filed a joinder in the motion on June 6, 2012. See ECF No. 1391.

In a motion filed April 2, 2012, which Motta says he placed in the prison mail system on March 20, 2012, Motta argues that a new trial is warranted because the gambling paraphernalia introduced as evidence at trial was purchased after the end date of the gambling enterprise. See ECF No. 1358. Joseph did not join in this motion.

In connection with the motions for a new trial, Motta has filed five motions concerning discovery. See ECF Nos. 1360, 1375, 1379, 1383, and 1386. Joseph did not join in the discovery motions, which generally seek impeachment and exculpatory evidence concerning the various witnesses who testified at trial. All of these discovery-related motions are denied.

**III.    ANALYSIS.**

There is no general constitutional right to discovery in criminal cases. Weatherford v. Bursey, 429 U.S. 545, 560 (1977). However, a criminal defendant has a due process right to receive from the Government any evidence that is favorable to the

3

defendant that is material to guilt or punishment. In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court held that a prosecutor who suppresses evidence "favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

"The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." United States v. Bagley, 473 U.S. 667, 682 (1985).

The Supreme Court has clarified that the Government's duty to disclose such evidence is applicable even if the defendant does not request it. See United States v. Agurs, 427 U.S. 97, 107 (1976) ("But if the evidence is so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce, that duty should equally arise even if no request is made.").

The Court has ruled that the duty to disclose applies to impeachment as well as exculpatory evidence. See Bagley, 473 U.S. at 676 ("Impeachment evidence, however, as well as exculpatory evidence, falls within the Brady rule."). It has also extended the Government's duty to disclose to evidence going

4

to the credibility or "reliability of a given witness" because that evidence "may well be determinative of guilt or innocence." Giglio v. United States, 405 U.S. 150, 154 (1972).

However, information already known to the defense (or that could have been determined through reasonable diligence) does not constitute Brady information that the Government must disclose. See United States v. Johnson, 592 F.3d 164 (D.C. Cir. 2010) ("the Due Process Clause does not require the government to disclose evidence already known to the defense"); Moore v. Quarterman, 534 F.3d 454, 462 (5th Cir. 2008) (noting that, under Brady, "the prosecution has no obligation to produce evidence or information already known to the defendant, or that could be obtained through the defendant's exercise of diligence" (quotation and citation omitted)); Raley v. Yist, 470 F.3d 792, 804 (9th Cir. 2006) (noting that no Brady violation occurs when a "defendant is aware of the essential facts enabling him to take advantage of any exculpatory evidence"); United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991) ("When, as here, a defendant has enough information to be able to ascertain the supposed Brady material on his own, there is no suppression by the government."); United States v. Dupuy, 760 F.2d 1492, 1502 n.5 (9th cir. 1985) ("'Where defendants . . . had within their knowledge the information by which they could have ascertained the supposed Brady material, there is no suppression by the

5

government.'" (quoting United States v. Griggs, 713 F.2d 672, 674 (11th Cir. 1983)).

The Ninth Circuit has stated:

> The state violates its obligations under Brady, and denies a criminal defendant due process of law, where the following three elements are met: (1) the evidence in question was favorable to the defendant, meaning that it had either exculpatory or impeachment value; (2) the state "willfully or inadvertently" suppressed the evidence; and (3) the defendant was prejudiced by the suppression.

Schad v. Ryan, 671 F.3d 708, 715 (9th Cir. 2011) (quoting Strickler v. Greene, 527 U.S. 263, 281-82 (1999)).

Although Rule 16 of the Federal Rules of Criminal Procedure provides for limited discovery in criminal cases, it does not authorize "fishing expeditions." See, e.g., United States v. Carvajal, 989 F.2d 170, 170 (5th Cir. 1993) (stating that a petitioner cannot "conduct a fishing expedition to see if he can find something in the grand jury minutes that might support further relief under § 2255"); Munoz v. Keane, 777 F. Supp. 282, 287 (S.D.N.Y. 1991) (stating in a § 2254 case that "petitioners are not entitled to go on a fishing expedition through the government's files in the hopes of finding some damaging evidence"). In other words, a defendant's right to Brady material does not include the unsupervised authority to search the Government's files. Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987). Courts have therefore ruled that, to require

6

disclosure of Brady material, the defendant must establish that the evidence sought exists, that it is favorable and material, and that it has not already been provided.  See, e.g., United States v. Marker, 1994 WL 192018, *4 (D. Kan. Apr. 15, 1994); United States v. Kennedy, 819 F. Supp. 1510, 1518 (D. Colo. 1993).

Because Motta fails to produce any specific evidence that supports his claim that Brady materials were not properly disclosed, no discovery will be permitted.  Motta, for example, unpersuasively argues that, because his personal files do not include the criminal histories of various witnesses that were attached as Exhibits A to S of Docket No. 637, the Government must have failed to disclose those documents.  However, the Notice of Electronic Filing for that document establishes that a copy of the document, including all of the criminal histories, was sent via the court's CMECF system to Todd Eddins, Motta's attorney, on January 28, 2008.  Motta therefore can be said to have had that information.

At the recent hearing concerning Motta's multiple requests for judicial notice, Motta indicated that he only recently asked Eddins whether Eddins had received a copy of Docket No. 637, as indicated in the Notice of Electronic Filing. At the hearing, Motta indicated that Eddins had not yet responded to his request.  Nevertheless, the fact that Motta can ask his

former attorney whether the document was received alleviates Motta's need for discovery.

Motta's many requests for discovery are simply part of an impermissible "fishing expedition." In the filing of April 2, 2012, for example, Motta asks the court to order the Government "to turn over all discovery materials." See ECF No. 1360. In his filing of May 29, 2012, Motta clarifies that he is not seeking the Government's entire files, but instead only discovery required by statute, rule, and case law. See ECF No. 1383. However, Motta does not identify what that discovery is, how it is material, and whether it was already disclosed. In the filings of May 4 and 14, 2012, Motta is more specific in asking for discovery concerning a large number of documents, but he once again fails to explain how those documents are material to his motions for new trial. See ECF No. 1375 and 1379. It therefore appears that Motta is simply "fishing" for exculpatory or impeachment evidence to support his request for a new trial. Because Motta has moved for a new trial, he should have some idea of the bases of his motions. That is, he must have some reason to think the Government failed to provide specific evidence that it was required to disclose. His failure to identify such evidence is telling.

In his filing of May 29, 2012, Motta once again asks this court to order the Government to file a "Certificate of

Compliance" indicating that it complied with its discovery obligations. This court already rejected that request on October 22, 2009, noting: "Motta fails to present any basis for the action he requests. This court is unaware of any requirement regarding such certification, and, as noted above, Motta does not establish a basis for the court to question the Government's compliance. The court declines to impose such a requirement under the post-trial circumstances presented here." See ECF No. 1207 at 5. Motta demonstrates no reason why this court should reconsider that earlier decision.

Finally, Motta requests CJA funds to subpoena various evidence or, alternatively, the proper subpoena forms. See ECF No. 1386. Because Motta fails to demonstrate that he is entitled to any discovery, the court denies his request.

**IV. CONCLUSION.**

For the forgoing reasons, the court denies Motta's discovery motions, ECF Nos. 1360, 1375, 1379, 1383, and 1386.

Given the denial of the discovery motions, the court now sets a briefing schedule for the motions for a new trial and joinders therein. The Government may therefore file a single opposition to the merits of the motions for a new trial no later than October 26, 2012. Any such opposition must comply with Local Rule 7.5, meaning that it must not exceed 30 pages or 9,000 words. Motta and Joseph may each file a single reply in support

of the motions for a new trial and joinders therein no later than November 30, 2012.  Pursuant to Local Rule 7.4, any "reply must respond only to arguments raised in the opposition.  Any argument raised for the first time in the reply shall be disregarded."  Any reply must also comply with Local Rule 7.5 and therefore must not exceed 15 pages or 4,500 words.  Pursuant to Local Rule 7.4, "No further or supplemental briefing shall be submitted without leave of court."  Motta and Joseph shall not file any new motion seeking discovery or relating to the merits of a motion for a new trial.

At this time, the court intends to rule on the motions for a new trial and joinders therein on a nonhearing basis.  If, after receiving the briefing outlined above, the court determines that a hearing is necessary, the court will notify the parties sufficiently ahead of any such hearing to allow them to make necessary preparations to participate.  Motta and Joseph need not file another motion seeking to attend any such hearing in person.  If the court determines that a hearing is necessary regarding the motions for a new trial, the court will address whether Motta and Joseph may appear telephonically or whether they must appear at the hearing in person.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 1, 2012.



    /s/ Susan Oki Mollway  
Susan Oki Mollway  
Chief United States District Judge

United States of America v. Motta, Crim. No. 06-00080-05; ORDER DENYING DEFENDANT ETHAN MOTTA'S DISCOVERY REQUESTS  (DOCKET NOS. 1360, 1375, 1379, 1383, AND 1386)