```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

RODNEY JOSEPH, JR.,              )    CIV. NO. 13-00178 SOM/KSC
                                 )    CR. NO. 06-00080 SOM
          Plaintiff,             )
                                 )    ORDER REGARDING DEADLINES
     vs.                         )    RELATING TO RODNEY JOSEPH'S §
                                 )    2255 MOTION
UNITED STATES OF AMERICA,        )
                                 )
          Defendant.             )
_____  )
```

## ORDER REGARDING DEADLINES RELATING TO RODNEY JOSEPH'S § 2255 MOTION

There is considerable confusion as to deadlines, given the pendency of the new trial motions in the criminal case and of Rodney Joseph's § 2255 motion and related filings. In the present order, this court attempts to clarify the schedule.

The court begins by emphasizing that the court months ago assured Joseph that the court would not rule on the merits of his § 2255 motion until after ruling on the new trial motions. In light of this position, the court concluded that it was not necessary to grant Joseph's earlier request that his § 2255 motion be held in abeyance.

Even after the court so stated, however, Joseph filed Combined Motions to Vacate Judgment, as well as Combined Objections and a Motion To Stay. To the extent Joseph's Motion To Stay reiterates Joseph's request that the new trial motions be decided before the § 2255 motion is ruled upon, the court again assures Joseph that the court will handle the new trial motions

first.  For that reason, to the extent Joseph's most recent Motion To Stay seeks that relief, that motion is denied on the sole ground that it is unnecessary.

Similarly, to the extent the Combined Motions and Combined Objections overlap the arguments in the § 2255 motion, the court will consider those overlapping matters when it considers the § 2255 motion.

The problem for the court is that the Combined Motions and Combined Objections appear to encompass issues separate from those raised in the § 2255 motion.  In those documents, Joseph appears to be asking the court to take action now.

As required by the court, the Government has filed its responses to the Combined Motions, the Combined Objections, and the § 2255 motion.  If, with respect to any matter raised in the Combined Motions or Combined Objections, Joseph is seeking a ruling by this court in advance of the court's consideration of his § 2255 motion, then, no later than **September 25, 2013**, Joseph should identify those specific matters in writing and should reply to the Government's arguments relating to those issues.  To avoid confusion, the court will refer to such issues as "Prompt Decision Issues."  If the court does not receive a memorandum from Joseph by September 25 identifying and addressing Prompt Decision Issues, this court will assume that all matters raised in the Combined Motions and Combined Objections are

intended by Joseph to be addressed when the court rules on his § 2255 motion.

Any matters not identified as Prompt Decision Issues may be addressed by Joseph in a reply memorandum limited to matters raised by the Governments in briefs the Government filed on August 19, 2013. Joseph's reply memorandum (other than any memorandum, due by September 25, discussing Prompt Decision Issues) must be filed no later than **January 15, 2014**. The court sets that reply memorandum deadline in light of the extended deadline of November 29, 2013, given to Ethan Motta for his reply memorandum in support of his new trial motions, in which Joseph has joined. The court expects to rule on the new trial motions in December 2013, so that Joseph will know in advance of his own reply memorandum deadline whether a reply memorandum relating to his § 2255 motion is even necessary.

Given the Government's filings of August 19, 2013, this order gives Joseph more than sufficient time to prepare any reply memorandum in support of his § 2255 motion. Joseph's reply memorandum, due **January 15, 2014**, may not exceed 5000 words, including headings and footnotes, but not including declarations, affidavits, exhibits, the case caption, and any table of contents or of authorities.

Because of the many months between now and the resolution of Joseph's § 2255 motion, it may be that new

developments will cause the Government to conclude that a supplemental opposition by the Government is appropriate. In that event, the Government should notify the court in writing as soon as that becomes apparent. If the court allows a supplemental opposition, the court will revisit the January 15 deadline and the word limit.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, August 20, 2013.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Joseph v. United States, CIV. NO. 13-00178 SOM/KSC, CR. NO. 06-00080 SOM, ORDER REGARDING DEADLINES RELATING TO RODNEY JOSEPH'S § 2255 MOTION