IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cr. No. 06-00080 SOM (02) |
| Plaintiff, | ORDER DENYING DEFENDANT RODNEY JOSEPH'S MOTION TO STAY, VACATE, AND RECONSIDER AMENDED ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE |
| vs. | |
| RODNEY JOSEPH (02), | |
| Defendant. | |

**ORDER DENYING DEFENDANT RODNEY JOSEPH'S MOTION TO STAY, VACATE, AND RECONSIDER AMENDED ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE**

On June 24, 2013, Defendant Rodney Joseph filed a motion seeking to stay an order that determined that he had waived his attorney-client privilege by filing a motion under 28 U.S.C. § 2255 based on ineffective assistance of counsel. See ECF Nos. 1478 and 1497. On July 8, 2013, the court amended that order to correct a typographical error. See ECF No. 1500. The court deems Joseph's motion to apply to the Amended Order.

Joseph argues that he should have been allowed to respond to the Government's motion seeking to waive his attorney-client privilege and should have been allowed to file for a protective order limiting any waiver. To date, Joseph has not

actually withdrawn his ineffective assistance of counsel claims or identified how he would have wanted the order limited.

The Ninth Circuit has stated, "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2001); accord Lambright v. Ryan, 698 F.3d 808, 813 (9th Cir. 2012). The waiver, however, must be "no broader than needed to ensure the fairness of the proceedings before it." Bittaker, 331 F.3d at 720. Moreover, "the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." Id. at 721. "Finally, if a party complies with the court's conditions and turns over privileged materials, it is entitled to rely on the contours of the waiver the court imposes, so that it will not be unfairly surprised in the future by learning that it actually waived more than it bargained for in pressing its claims." Id.

The Amended Order limited the waiver of the attorney-client privilege to "all matters associated with Defendant's allegations in his motion to vacate, set aside, or correct sentence." See ECF No. 1500, PageID # 15649. This waiver was no broader than necessary to be fair to the Government; it was

limited to the bases of Joseph's various ineffective assistance of counsel claims.  Accordingly, the court properly determined that Joseph had waived his attorney-client privilege.

To date, Joseph has not withdrawn his ineffective assistance of counsel claims.  Had he done so, the court would have preserved his attorney-client privilege.  Nor has Joseph identified how he would have wanted the order limited.  In the court's minute order of June 24, 2013, the court noted that, "If Joseph seeks further limits, he may move for specific limitations."  See ECF No. 1496.  Having failed to identify any possible limitation, Joseph cannot now claim that the court improperly failed to limit the order.

Based on the arguments raised in the present motion, Joseph also seeks 1) to have the court waive the Government's attorney-client privilege, 2) to have the court reconsider its order allowing his counsel to withdraw from being his attorney, and 3) to have the court grant him bail.  The court declines to provide such relief, as Joseph is not entitled to any relief based on the arguments raised in the present motion.

The court therefore denies all relief requested in Joseph's motion of June 24, 2013.  ECF No. 1497.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 27, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States of America v. Motta, Crim. No. 06-00080-05; ORDER DENYING DEFENDANT RODNEY JOSEPH'S MOTION TO STAY, VACATE, AND RECONSIDER AMENDED ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE